De la Torre & Ramírez, Plaintiff and Appellee, *v.* Josefa, known as Josefina Bengoechea y Macías, Defendant and appellant.

No. 5933. Argued January 24, 1933.—Decided February 16, 1933.

*Pellón & Ayuso* for appellant. *De la Torre & Ramírez* and *J. Martínez Dávila* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Section 299 of the Code of Civil Procedure, as amended in 1919 (Session Laws, 674), provides that: "When it should become necessary for an accurate intelligence and resolution of the matter, that a map, original document or exhibit of any sort which cannot be reproduced by copy, photograph or otherwise, be submitted to the examination and inspection of the Supreme Court, a description thereof shall be made, and the secretary of the court *a quo* after authenticating said map, original document or exhibit under his hand and

the seal of the court, shall send same to the secretary of the Supreme Court stating that they form part of the record in the case." It also provides for correction and approval by the district judge of the statement of the case or transcript of the evidence.

In the instant case defendant claimed that a certain reduction amounting to something more than $15,000 had been made by a member of the plaintiff firm in his own handwriting at the foot of a statement of account for professional services. A handwriting expert testified at length as a witness for defendant concerning certain details of resemblance or similarity between the handwriting on the disputed document and the same words and figures as they appeared in several other manuscripts, the genuineness of which was undisputed. All of the documents referred to by this witness had been introduced in evidence and had been copied by the stenographer in the transcript. When the transcript was submitted to the district judge for his approval, appellant requested that these original documents be made a part of the judgment roll. This request was denied by the district judge on the ground that they had been copied in the transcript.

The purpose of the request as stated by appellant in the court below was to place this Court in the same position as that of the trial judge when he passed upon and disposed of the testimony given by the handwriting expert. The fact that the unquestionably genuine documents had been copied into the transcript was not a sufficient reason for the refusal to make them a part of the judgment roll. Whether for any other reason they should or should not have been made a part thereof is another question. It is a question that cannot be determined by this Court upon the data contained in the record. It is a question that was not decided by the trial judge. It is a question that should be decided by him in the first instance. The originals could have been photographed, of course, but we see no reason why appellant

should be put to such needless trouble and expense. A type-written copy would be useless for any purpose on appeal.

The ruling appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.